Per Curiam.

Issues to the country being joined on all the pleas except the second, we have only to decide on the plaintiff’s replication to that plea, to which the defendant has demurred, and the plaintiff has joined in the demurrer.
The legal merits of this replication have been settled, after full deliberation, in the case of Bissell vs. Briggs.(1)
It is there decided, that, if the Court of another State, which has rendered judgment against a citizen of this State, had jurisdiction over the subject, such judgment bound the citizen ; and he would not be permitted to look into the transaction, in order to show that such judgment ought not to have been rendered.
The replication in this case alleges that Hull, the judgment debtor, was resident within the State of Vermont when the process [*26] commenced, and that he continued so resident * until the judgment; that he had personal notice of the suit, and voluntarily submitted himself to the jurisdiction of the Court. This we think a sufficient answer to the matter contained in the bar; which is substantially nothing more than that Hull was a citizen of Massachusetts, and so not within the jurisdiction of the Court.†

Replication adjudged good.

 9 Mass. Rep. 462.

 Vide note to Bissel vs. Briggs, 9 Mass. Rep. 454, 3d ed. — Elliot vs. Piersall, 1 Peters, 328. — Taylor & al. vs. Phelps, 1 Har, & G. 492. — Barney vs. Patterson’s lessee, 6 H. & J. 182. — Cotton vs. Cotton, 4 Rand, 192. — Wright vs Deklyne, 1 Peters’ C. C. 199. — Stark vs. Woodward, 1 Nott & M. 329. — Hopkins vs. Lee, 6 Wh. 109. — Greene vs. Sarmiento, 3 Wash. C. C. R. 17. — 1 Brown R., Appendix, 30. — 1 Peters, 74.— Field vs. Gibbs, 1 Peters’ R. 155.