## ISAAC DYER *versus* ELIZA ANN GREENE, *Adm'x.*

Where a written instrument is introduced in evidence, clear in its terms, and giving no cause of action; and parol evidence is also introduced in relation thereto entirely of a negative character and which may all be true to its utmost extent without affecting the written instrument, it is competent for the presiding Judge to instruct the jury, that the action is not supported.

The expression of an opinion by the presiding Judge, at a trial, on the state of the facts of a case, is not a matter of legal exception, and furnishes no cause for setting aside the verdict, rendered in accordance with such opinion, when the jury are not restrained by any rule which could be regarded as binding, but were directed to exercise their judgment in making up their verdict.

The presiding Judge may authorize the jury to find specially on any point arising at a trial.

ASSUMPSIT against E. A. Greene, as administratrix, of the estate of Roscoe G. Greene, deceased, whose estate had been represented to be insolvent. The plaintiff had presented his claim to the commissioners; and being dissatisfied with their decision, brought this suit under the provisions of Rev. St. c. 109, § 20.

The first paper introduced by the plaintiff at the trial before WHITMAN C. J. was thus. "Portland, June 30, 1835. I agree to give Isaac Dyer five hundred dollars for his half of 11 lots in No. 6 in the 3d range, over and above the cost to him, in one year with interest. R. G. Greene." The next was in these terms. "Portland, April 3d, 1835. Received of Isaac Dyer two hundred dollars which I was to receive for my services in making sale of a township of land in the county of Washington, lately owned by R. P. Dunlap and R. T. Dunlap. R. G. Greene."

The plaintiff then introduced several witnesses; and the presiding Judge ruled, that this evidence was wholly insuffi-

cient to support the plaintiff's action upon the 200 dollar memorandum, and that the defendant need not go into any evidence to resist this branch of the plaintiff's case.

The defendant then introduced witnesses in reference to other portions of the plaintiff's claim, and also a receipt, signed by the plaintiff, of which the following is a copy.

" Received of R. G. Greene, three hundred and twenty-five dollars, which I agree to indorse on his note for five hundred dollars, given me in June last, payable in one year, and if said note is on interest, no interest is to be reckoned up to this date (on said note) and if not, I agree to pay interest on the said sum of $325,00, from the 25th of April last. Portland, Oct. 29, 1835. " Isaac Dyer.

" Witness, James Smith."

It was in evidence, that the witness, at the time of the trial, resided in the State of New York.

The testimony is given at length in the bill of exceptions, but is not inserted here, as the law of the case may be sufficiently understood without it.

The ruling of the Court and other proceedings, are stated in the following manner in the bill of exceptions.

The Court ruled that the receipt introduced by the defendants was conclusive to establish the payment by Greene, of so much of the $500 obligation, until the plaintiff should prove its application or relation to some other and different transaction, and that it was unnecessary for the defendant to introduce further testimony to that fact.

Upon the testimony the cause was submitted to the jury, upon argument of counsel, and the Court reiterated the opinion to the jury, that the facts proved, did not establish any fraud, or deception on the part of Greene, towards the plaintiff in selling the land to Rice, for his, Greene's, exclusive benefit, and in purchasing the plaintiff's interest for the sum mentioned in the obligation of June 30, 1835 ; that there was no evidence, that the sale of the property by Greene to Rice was previous to the purchase of plaintiff's interest therein, and that thereby an unjustifiable and deceptive suppression of the truth,

that the property had been already sold by Greene as a partner of the plaintiff, for a greater sum than Greene was to pay the plaintiff for his interest, had been practised by Greene upon the plaintiff; that if, however, the jury were satisfied upon this evidence that such a deception had been practised by Greene, the obligation of June 30, 1835, might be treated as a nullity, and the plaintiff would be entitled to recover a moiety of the proceeds of the sale to Rice, actually received by Greene.

The Court instructed the jury, that it was not obvious to the Court, that there were any facts in the evidence to establish such a deception, but that the jury must judge for themselves of the facts; that fraud was not to be presumed, though it might be proved by circumstances; and if not proved in this case, there was nothing but the contract in its terms for the plaintiff to stand upon; that the Court would leave the argument of the plaintiff's counsel on this point with the jury to establish the fact; and directed the attention of the jury to the opposing influence derivable from the evidence, that the bond from Greene to Dyer, and the deed from Dyer and Greene to Rice, bear date on the same day; that there was no force in the argument of the plaintiff's counsel, that the same person witnessed both instruments, yet had not been inquired of by the defendant, whether those instruments were or not executed at the same time, inasmuch as it was equally competent for the plaintiff to have gone into that inquiry; that the jury should consider whether some effort would not have been made by the plaintiff in Greene's lifetime, to rectify the transaction, if it had been wrong on the part of Greene; and that there was no evidence in the case, that such an effort was made; that the receipt should be considered as conclusive evidence of payment towards the 500 dollar obligation, in the absence of proof on the part of the plaintiff; that it relates to another transaction; and that there did not appear in the language of it, nor in the figures upon it, any evidence to the contrary; as to the 200 dollar memorandum, the Court repeated the instruction to the jury, that there was no evidence in the case, to support this part of the plaintiff's claim; and that

while, because Greene was deceased, it furnished no reason for the jury to entertain sympathies for the widow and children of Greene, beyond what the law and evidence of the case require, yet one consideration it was not improper for the jury to indulge, viz. that Greene has friends, whose feelings may be wounded by the assertion of a claim founded in any alleged fraud on his part; and that there would be no impropriety in the jury saying at the end of their verdict, that there was not the slightest fraud or deceit practised by Greene towards the plaintiff, if they were perfectly satisfied that there was not.

The Court instructed the jury not to consider themselves called on by the Court to do this, but they might properly judge, whether, under all the circumstances of the case, and to relieve the feelings of friends, they could or not, render such an opinion at the end of their verdict.

The jury upon the evidence and the foregoing instructions of the Court, returned a verdict for the plaintiff for the sum of $250,28, and also a verdict as follows: " And the jury further find, there is no evidence of fraud or deception on the part of R. G. Greene, in any part of the transaction between Greene and Dyer."

The plaintiff filed exceptions to the ruling of the presiding Judge; and also filed a motion for a new trial, and assigned several causes therefor, among which were one that the verdict was against the evidence, and another in the following terms.

" Because the Court improperly communicated to the jury and instructed the jury respecting the opinion of the Court upon the facts and upon the verdict, which in the opinion of the Court the jury should render upon the facts adduced in evidence in the case, as well as respecting the opinion of the Court upon the law applicable to the case as the adverse parties claimed to have presented their case respectively in evidence for the decision of the jury."

The arguments were in writing.

*F. O. J. Smith,* for the plaintiff, in suppport of his argu-

ment, cited 8 Mass. R. 214; 12 Mass. R. 24; 11 Pick. 141 and 369.

*Fessenden & Deblois* and *A. Haines,* in their argument for the defendant, cited *M'Donald* v. *Trafton,* 15 Maine R. 225; 1 Stark. Ev. 515, 517; *Emerson* v. *Coggswell,* 16 Maine R. 77; *Ellis* v. *Jameson,* 17 Maine R. 235; *Hathaway* v. *Crosby,* 17 Maine R. 448; *Burnham* v. *Toothaker,* 19 Maine R. 371; *Smith* v. *Putney,* 18 Maine R. 87; *Hix* v. *Drury,* 5 Pick. 296; *Pierce* v. *Woodward,* 6 Pick. 206; *Hatch* v. *Kimball,* 16 Maine R. 146.

The opinion of the Court was drawn up by

TENNEY J. — The receipt given by the defendant's intestate, dated April 3, 1835, for $200, introduced by the plaintiff, is evidence, that the latter had contracted with the former to pay him $500, for services in making sale of a township of land, which R. P. & R. T. Dunlap owned and had given bond to sell to the plaintiff and others on March 11, 1835. The terms of the receipt import, that such services had been rendered by Mr. Greene, and that part of the agreed price had become payable, and was paid in pursuance of the agreement. Nothing in the case indicates, that the sum paid was an advance for services not then rendered, or that it was done under the influence of any mistake or misapprehension of the real facts on the part of the plaintiff. The other evidence relied upon by the plaintiff in support of this part of the claim is entirely of a negative character; it may all be true to its utmost extent without affecting the receipt. There is the same evidence that Mr. Greene was entitled absolutely to the $200, that there is, that he received it. The instructions of the Judge to the jury on this point were not subject to objection.

The sum of $325, named in the receipt of Oct. 29, 1835, was agreed therein by the plaintiff to be indorsed upon Mr. Greene's note for $500, given in June next preceding, and payable in one year. The obligation for $500, given to the plaintiff and introduced in the case, corresponds in every particular with the note on which this sum was to be allowed, as

described in the receipt ; and there is no evidence in the case, that the plaintiff held another note of the same description. If the sum acknowledged to have been received is not to be applied to the payment of the note introduced, it is difficult to perceive in what manner a receipt can be evidence of payment.

It was contended at the trial by the plaintiff's counsel, that when the note of $500, was given in June, 1835, there was a fraudulent suppression of facts connected therewith, and deception practised by Greene, and in consequence the plaintiff was induced to take this note for the full amount of the sum supposed to be due, when in truth he was entitled to a much larger sum. The Judge expressed an opinion to the jury that the evidence was insufficient to establish fraud in Greene, and that parts of the evidence relied upon by the plaintiff had no tendency to make out that issue for the plaintiff, to which exceptions were taken. This case differs materially from those cited for the purpose of sustaining the exceptions. It is said in the opinion of the Court, in *Aylwin* v. *Ulmer*, 12 Mass. R. 24, " they [the jury] must have received the impression, that by law, they could not, on that evidence, find a verdict for the plaintiff." In *Tufts* v. *Seabury*, 11 Pick. 140, it is said, " the Judge is represented to have told the jury, that if they believed Chamberlain, they ought to find for the defendant; whereas the proper instruction would have been, that they should find for the defendant, if upon the whole evidence, they believed a credit had been given." The verdict was set aside in *Morton* v. *Fairbanks*, 11 Pick. 368, because the Judge decided that the articles brought into Court were not shingles, and ruled, that as the point was clear on inspection, it was to be decided by the Court. The opinion says, " as the jury would have the whole case before them, this may seem to be a speculative objection, but we think in strictness the point thus decided was a question of fact." In all the above cases, the instructions to the jury were such, that they were not at liberty to pass upon the facts, whereas in the case at bar, after expressing an opinion of the effect of the evidence, the

Judge instructed the jury in express and unequivocal terms, that if they were satisfied upon the evidence, that such a deception had been practiced by Greene, the obligation of June 30, 1835, might be treated as a nullity, and the plaintiff would be entitled to recover a moiety of the proceeds of the sale of the land to Rice, actually received by Greene ; that it was not obvious to the Court that there were any facts in the evidence to establish such a deception, but that the jury must judge for themselves of the facts ; that fraud was not to be presumed, though it might be proved by circumstances. The jury were restrained by no rule which could be regarded as binding, but were directed to exercise their own judgment in making up their verdict.

The expression of opinion by the presiding Judge on the state of the facts of the case, is not a matter of legal exception. *Phillips* v. *Kingfield*, 19 Maine R. 375.

The permission given to the jury to return specially their finding on the question of fraud, was authorized by practice and by law. *Gordon* v. *Wilkins*, 20 Maine R, 134.

*Exceptions overruled.*