## Snyder *v*. Robinson and Another.

SPECIAL FINDING.—*General Verdict.*—Where a general verdict is returned for the plaintiff, and answers to special interrogatories are also returned, and the answers exclude every conclusion that will authorize a recovery for the plaintiff, a judgment should be rendered for the defendant, notwithstanding the general verdict.

PAYMENT.—*Application of Payments.*—Where a purchaser of real estate encumbered by mortgages assumes the payment of a portion of the mortgage debts, as a part of the purchase-money, the amount so assumed becomes the personal debt of the purchaser; the residue is not the personal debt of the purchaser,

although he may be compelled to pay the same to save his property; and in such case a general payment made by the purchaser on the mortgage debts, will be applied to the portion for which he is personally liable.

APPEAL from the Tippecanoe Common Pleas.

WORDEN, J.—Action by the appellees against the appellant. Issue<sub>s</sub>; trial by jury; verdict, with answers to interrogatories; and judgment for plaintiffs.

The claim of the plaintiffs was for money paid by them for the use of the defendant, to one Samuel Hamilton, on certain promissory notes executed by the defendant to Hamilton.

The answer of the defendant set up that the plaintiffs purchased of the defendant certain real estate for the consideration of thirty-five thousand dollars; that the property was encumbered with certain mortgages described and made exhibits A, B, C, and D, given to secure, amongst others, the notes in question; that as part of the consideration aforesaid the plaintiffs were to pay those mortgages to the amount of twelve thousand five hundred dollars. A written agreement was entered into between the parties, which was made a part of the answer and marked as exhibit E, by which the plaintiffs agreed, among other things, to pay on mortgages against the property thus purchased, as part of the consideration therefor, said amount of twelve thousand five hundred dollars. Reply in denial. There was a general verdict for the plaintiffs, assessing their damages at the sum of one thousand four hundred and thirty-two dollars and twenty-eight cents.

The following are the interrogatories propounded to the jury, with their answers thereto :

" 1st. Did the plaintiffs execute the paper read in evidence, of which exhibit E made a part of the answer is a copy?" Answer. " Yes."

" 2d. Did the plaintiffs, by said agreement E., assume to pay any part of the mortgages of which exhibits A, B, C, and D in the answer are copies?" Answer. " Yes, twelve thousand five hundred dollars."

" 3d. Were all the notes paid by the plaintiffs some of

those secured by said mortgages A, B, C, and D?" Ans. "Yes."

" 4th. What did those amount to which the plaintiffs paid, with interest to this date?" Ans. "One thousand four hundred and thirty-two dollars and twenty-eight cents."

The answers were all duly signed by the foreman.

Neither party moved for a new trial, but the defendant moved for judgment in his favor on the special answers to interrogatories, notwithstanding the general verdict, but his motion was overruled, and he excepted; and thereupon the court rendered judgment for the plaintiffs on the general verdict, and the defendant excepted.

We are clearly of opinion that the ruling of the court was erroneous, and that the judgment should have been rendered for the defendant. The answers to the interrogatories exclude every conclusion that would authorize a recovery.

By these findings it is clear that the plaintiffs, in making the payment of the notes, were but performing, in part, their agreement with the defendant in reference to the purchase-money for the property purchased by them. Money thus paid, in part or full performance, cannot of course be recovered from the defendant, unless some equitable ground exists for such recovery, which is not claimed or shown in the case. It is claimed, however, by the appellees that the notes paid by them were not a part of the twelve thousand five hundred dollars which they agreed to pay. The language of the agreement " E " in respect to payment of the purchase-money is as follows: "The parties of the second part" (the appellees) "pay for said property as follows, to wit: By cash in hand ten thousand dollars; by deed from John W. Goodman and wife to the said Irene Snyder" (wife of the appellant) "for property in said city valued at ten thousand dollars; by assuming mortgages on said opera house" (the property purchased by the appellees) "for ten thousand dollars; by assuming an additional mortgage, at the request of said Irene Snyder, for twenty-five hundred dollars, to Samuel Hamilton, of Hartford, Connecticut, payable three years from the date

thereof; by executing a mortgage to the said Irene Snyder, for twenty-five hundred dollars, payable one year from date thereof.   *   *   *   Said Goodman and Robinson agree to pay the mortgages and interest thereon according to the terms thereof, to keep up the insurance on said building, and keep said Snyder harmless."

It will be seen that the mortgages which the appellees assumed to pay are not, with one exception, specifically described in the agreement.

But the jury find that the mortgages which are made exhibits A, B, C, and D, are the mortgages on which the appellants assumed to pay the twelve thousand five hundred dollars, and that the notes paid by them are a part of the notes secured by those mortgages.   The mortgages are all given to said Hamilton to secure notes executed by the appellant to him.

Now, assuming, without deciding, that the amount agreed to be paid by the appellees is insufficient to liquidate the four mortgages entirely, yet as the amount paid by them, as shown by the findings, falls very far short of what they assumed and agreed to pay, and no special application of the payment being made by either the appellant or the appellees, that is to say, there being no stipulation between them whether the payment made by the appellees should be applied in part discharge of the twelve thousand five hundred dollars which the appellees had assumed to pay, or to the residue of said mortgages, the question arises what application, as between the appellant and the appellees, the law will make of such payment.

Assuming, for the purpose of illustration, that the amount secured by, and due on, the four mortgages was eighteen thousand two hundred and fifty dollars, thus leaving a residue of five thousand seven hundred and fifty dollars, which the appellees did not agree to pay; then the twelve thousand five hundred dollars became the personal debt of the appellees; the holder of the mortgages could have sued them directly for it.  *Bentley* v. *Vanderheyden*, 35 N. Y. 677.   As

Snyder *v.* Robinson and Another.

between the appellant and the appellees, the latter were principals in respect to the amount assumed by them. But they were in no manner bound for the supposed residue of five thousand seven hundred and fifty dollars. To be sure, the property was liable for the residue, and the appellees, in order to save the property, might have paid it and sued the appellant upon the covenants against encumbrances. in his deed.

The sum assumed to be paid by the appellees was their personal debt; the residue was not their debt, though they might be compelled to pay it in order to preserve the property.

We are clear that, under the circumstances, the law will apply the payment thus made, as between the appellant and appellees, to the amount agreed to be paid by the latter, and not to the residue. The case of *Newman* v. *Meek*, Sm. & M. Ch. 331, in principle, is in point here. There N. was indebted to M. on his own account, and also as surety for Y.; N. made payments to M., without specifiying to which debt they were to apply. It was held that the law would apply the payments to N.'s own debt for which he was directly bound.

In 1 Am. Lead. Cas. 277, it is said, that "a general payment is always to be referred to * * * a debt due by the payor absolutely, and as principal, rather than to one due contingently and collaterally, or held as collateral security."

The judgment below is reversed, with costs, with instructions to the court below to render judgment in accordance with this opinion.

*H. W. Chase* and *J. A. Wilstach*, for appellant.

*W. C. Wilson*, for appellees.