# Chapman *v.* Holding.

## *Statutory Action in Nature of Ejectment.*

1. *Rulings on demurrer; when revisable.*—Rulings of demurrer, not shown by the judgment, though copied in the transcript by the clerk, are not revisable on error.

2. *Competency of husband, as witness for wife.*—The husband is a competent witness for the wife, where his testimony does not relate to any communication made between them, nor tend to violate the · sacred confidence of the marital relation.

3. *Sufficiency of verdict for plaintiff.*—In ejectment, or a statutory action in the nature of ejectment, issue being joined on the plea of not guilty, without any disclaimer as to a part of the premises, a verdict finding the issues for the plaintiff is a verdict for the entire premises, and is sufficient: it is only

[Chapman v. Holding.]

when the verdict is for less than the entire premises sued for, that it is neces-
sary to describe the part found for plaintiff.

4. *Blank forms of verdict for jury.*—The practice has long prevailed of
instructing the jury orally, as to the proper form of verdict, and it is unob-
jectionable; nor is it erroneous to give them blank forms in writing, to be
used according to their finding on the facts.

5. *Motion in arrest of judgment, or for judgment non obstante veredicto; when
not grantable.*—When there is a general verdict for the plaintiff, and no re-
pugnance between it and the plaintiff's pleadings, the defendant can not move
in arrest of judgment, nor have judgment entered *non obstante veredicto*, on the
ground that some of the plaintiff's documentary evidence shows that the ver-
dict finds inconsistent facts: this would be, at most, only matter to be con-
sidered on motion for a new trial.

6. *Conveyance of land adversely held.*—A conveyance of lands which are at
the time in the possession of a third person, holding adversely to the grantor,
is void, and the grantee can not recover on it in an action at law against such
adverse holder.

7. *Charge requiring explanation.*—A charge given by the court, which as-
serts a correct proposition of law, but, under some tendencies of the evidence,
requires an additional explanatory charge, is not a reversible error : it is the
duty of the party complaining of it to ask the proper explanatory charge.

8. *Verdict against charge of court.*—That the jury, by their verdict, have
disregarded the charge of the court, is not error but is good matter for a mo-
tion for a new trial; and the ruling of the primary court on such motion is
not revisable on error.

9. *Exception ; sufficiency of.*—When the bill of exceptions states that "the
court gave the jury in charge, *against the objection of the defendant*, the follow-
ing instructions " as to the form of their verdict, it is doubtful whether this
shows a sufficient exception; and if sufficient, it is to the instructions as a
whole, and can not be sustained, if any part is correct.

FROM the Circuit Court of Madison.

Tried before the Hon. Louis WYETH.

This action was brought by William M. Holding and his
two sisters, Mrs. Mary E. Hundley (the wife of Orville M.
Hundley), and Mrs. Mattie Fletcher (the wife of A. S.
Fletcher), against Reuben Chapman, to recover the posses-
sion of a small strip of land, eight or ten feet wide by thirty-
three feet six inches long, together with damages for its de-
tention ; and was commenced on the 23d September, 1871.
The complaint was in the form given in the Revised Code
(p. 677), and the lot sued for was thus described : " Begin-
ning at a point on the line between the building known as
the ' Dick Holding Block,' on the east side of the public
square in the city of Huntsville, and the building on the
east side of said public square now being erected by the de-
fendant, forty-eight feet from said public square; thence
north, 56° east, on the line of said ' Dick Holding Block,'
ten feet ; thence south, 34° east, parallel with the east side
of said public square, thirty-three feet and six inches ; thence
southwestwardly, at right angles to said public square, ten
feet ; thence northwestwardly, and parallel with the public
square, to the beginning." At the May term, 1875, the
original complaint having been lost, another was substituted
for it by leave of the court, "and on the agreement of the

parties ;" and in this substituted complaint the land was thus described : "Beginning on the northern wall of the Chapman building, forty-eight feet, at right angles to the public square in the city of Huntsville ; thence on said boundary produced, eight feet five inches ; thence, at right angles to said northern boundary, and parallel with the public square, thirty-three feet eleven inches ; thence, at right angles to said last-mentioned line, eight feet five inches, to a point forty-eight feet on the nearest and most direct measurement from the public square ; thence, at right angles to last line, and parallel with the public square, thirty-three feet eleven inches, to the place of beginning."

The defendant pleaded, 1st, not guilty ; and on this plea issue was joined. He pleaded, also, "2d, that he and those whose possession he has, for three years next before the commencement of this suit, had adverse possession of the premises sued for ; and the defendant suggests, that, before the commencement of this suit, he had made valuable permanent improvements on the said premises, of the value of $8,000." To this plea the plaintiffs replied, "that plaintiffs gave notice of their claim before defendant erected said improvements ;" to which replication defendant demurred, "because the alleged notice, if true, does not preclude the defense interposed by said second plea ;" beneath which demurrer, as copied in the transcript, are the words, "Demurrer sustained," followed by the name of the presiding judge. The plaintiff then replied to said second plea, "that before and at the time said improvements were erected, plaintiffs were in actual possession of said lands, claiming under a deed describing the same by metes and bounds, and which was duly recorded in the office of the probate judge of said county ; and before and at the time defendant erected said improvements, plaintiffs notified him of their possession and claim, and warned him not to build on said land." On this replication the defendant took issue. The defendant pleaded, also, the statutes of limitations of ten and twenty years, and issue was joined on each of these pleas ; and his fourth plea, on which also issue was joined, was, "that his vendor was in actual and adverse possession of the premises sued· for, at and before the same were conveyed to plaintiffs by their grantors." The defendant pleaded, also, "5th, that the division line, according to which he has possession, had been agreed upon, and possession had according to it, for ten years, by the owners of the contiguous lots, before plaintiffs had acquired any title or interest therein, and plaintiffs are bound by such agreement, possession, and acquiescence." To this plea the plaintiffs demurred, "because said plea

[Chapman v. Holding.]

does not show that plaintiffs, or those through whom they claim, were parties to said agreement, and because said plea is vague and indefinite." Beneath this demurrer, as set out in the transcript, are these words : " Demurrer sustained to fifth plea, to which defendant excepts," followed by the name of the presiding judge.

The defendant then filed another plea, which was as follows : " 6. By leave of the court first had and obtained, upon sustaining the plaintiffs' demurrer to the defendant's 5th plea, above pleaded, the defendant pleads over, and says, in short by consent, that a long time before the institution of this suit, the parties through whom the plaintiffs claim, and the parties through whom the defendant claims, whilst said parties were the owners, and were in possession of the contiguous lots, the division line of which is involved in this suit, agreed upon and established a division line between their said respective lots ; and according to the division line so established, and according to said agreement, between the vendors of the plaintiffs and the vendors of the defendant, the defendant and those under whom he claims have held and possessed the property sued for, ever since the said agreement and establishment of said division line, and that plaintiffs are bound by said agreement, possession, and acquiescence." To this 6th plea the plaintiffs filed three replications, as follows : 1. "That the grantors through whom they claim have been in adverse possession of said lands, as described in plaintiffs' complaint, for more than twenty years, under deeds describing them by metes and bounds, courses and distances ; and said plaintiffs and their grantors have been in the actual and adverse possession of all the lands mentioned and described in said deeds, for more than twenty years." 2. "That if there was in truth a division line agreed on between the vendors of the plaintiffs and the defendant, as alleged in said 6th plea, the same was abandoned by the parties thereto, long anterior to this suit." 3. "That if there was in fact a division line agreed on between the vendors of plaintiffs and defendant, as alleged in said 6th plea, plaintiffs and their vendors had no notice thereof, either before or at the time of their purchase ; that they purchased all the land described in their complaint, paid the purchase-money therefor, and went into possession thereof, under their deed ; and they have remained in possession ever since, until the defendant entered upon and claimed the land in controversy ; and that plaintiffs are innocent purchasers without notice." The defendant took issue on each of these replications.

The pleadings as above set out, and the several rulings of

the court on the demurrers, though copied in the transcript by the clerk, are not noticed in the bill of exceptions, and do not appear in the judgment-entry, which only recites the appearance of the parties, the impanneling of a jury, &c. On the trial, as the bill of exceptions shows, the plaintiffs offered in evidence a deed to themselves from Mrs. Mary S. Calhoun and her husband, Meredith Calhoun, and their two children, William S. and Ada Calhoun, which was dated the —— day of March, 1869 ; and, in connection with said deed, proved that Mrs. Calhoun was the only grand child of William Smith, deceased, and inherited from him all his property. In this deed, the land conveyed was described as "parts of lots numbered 33, 34, 37, and 38, on the city map," with description by metes and bounds, courses and distances, as copied from a survey made by H. L. W. McClung. The plaintiffs also introduced a deed from one Campbell to said William Smith, dated the 12th March, 1825, conveying certain lands therein described as "lot No. 34 and parts of lots Nos. 33, 37, and 38," and designated by boundaries; and several other conveyances, which it is unnecessary to describe. The defendant claimed under a conveyance from Milton Humes, as the administrator of the estate of George Steele, deceased; and he introduced in evidence several deeds tracing the title of said Steele back to the year 1817. All of these deeds conveyed a lot or lots by numbers, metes and bounds, and other particular descriptions, which it is unnecessary to copy. The material question in the case seems to have been as to the depth of Steele's lot, and whether it included the strip of land here sued for. M. W. Steele, who, as executor of the last will and testament of said George Steele, had the management and control of his estate for several years, testified, on the part of the plaintiffs, " that a brick wall was erected in 1835, by said William Smith, who was then the owner of the property which now belongs to the plaintiffs, as the dividing line between plaintiffs' lot and defendant's lot; that said wall, after its erection, was always recognized by the respective owners of said lots, as the dividing line ; that a portion of this wall was still visible, at the close of the war, when he gave up the management of said estate, although it had been torn down, and almost entirely destroyed, during the war ; that whilst he was executor of said estate, he held possession of said lot, and claimed without objection from any one, running back to said wall; that said brick wall was forty-seven feet, and no more, from the public square, for the length of the whole line here in dispute ; that he had the lot surveyed from all the deeds under which plaintiffs and defendant de-

[Chapman v. Holding.]

rive title, with the view of getting into the division wall one foot, intending to erect two stores, but ascertained, by said survey and measurement, that he was only entitled to forty-seven feet." A. R. Wiggs, another witness, with whom said Steele proposed erecting stores on the lot for their joint benefit, testified that, "at the time spoken of, there was a portion of said brick wall along the line of dispute in this suit; that forty-seven feet did not go back as far as the wall; that said Steele said nothing about the wall; that, according to his recollection, there was a short space between the back of the Steele lot and the wall; that he did not know exactly how much, but supposed it was about six or eight feet." Other evidence was introduced, on both sides, bearing on this question. It appeared that, after the destruction of the brick wall, a plank fence was erected as the dividing line between the two lots; and the defendant always claimed to own, from the time of his purchase, up to this fence. Whether this fence was on the site of the old wall was a disputed question.

"The plaintiffs introduced O. M. Hundley as a witness, whose wife was one of the plaintiffs; and the defendant objected to his competency on that ground. The court overruled the objection, and allowed the witness to testify; to which the defendant excepted. Said witness testified, that he had measured the depth, from the public square, of the lot occupied, claimed, and in the possession of the defendant; and that from the outside wall on the public square, to the exterior of the porch in the rear of the defendant's building, was fifty-six feet, five inches." "A. S. Fletcher, the husband of said Mattie Fletcher, was also introduced as a witness for the plaintiffs; and the defendant objected to his competency, because his wife was one of the plaintiffs; which objection the court overruled, and the defendant excepted. Said witness testified, that the value of the parcel of land sued for was from $600 to $800; that it would take $150 to fill up the excavation dug by the defendant, and that the value of the rent was $10 *per annum*."

The bill of exceptions purports to set out all the evidence, and then proceeds as follows : "The court charged the jury, that there was but one fact in the case, and that was the ascertainment by them where the brick wall which was torn down, and the plank fence erected on its foundation, stood; it being conceded by both parties that this was the line of division between their respective lots, and that there was no principle of law involved in the case."

"The plaintiffs then asked the court to give the following charges, which were written, and which the court gave :

[Chapman v. Holding.]

1. "Where the objects which marked one of the original boundaries of a lot are lost, you must, in establishing the lost boundary, be governed by the courses and distances given in the deed.' 2. 'Where there are known monuments in existence, to control the boundaries given in the deed, then you must follow the courses and distances given in the deed, wherever they conduct, and stop wherever they stop, without departing from either; and the lines established in the deeds by course and distance must be taken as the true boundary.'

"The defendant then asked the court to give the following charge, which was in writing, and which the court gave: 'The law declares that, in an ejectment suit, the plaintiffs must recover on the strength of their own title, and not on the weakness of their adversary's title; and unless the plaintiffs have proved that, at the time the deed was made to them, their vendor was in possession of the land sued for, claiming the same, or exercising acts of ownership over it, plaintiffs can not recover, even against a party in possession without any paper title; and still less can they recover against a party in possession with a paper title.'

"Immediately before the jury retired to consider of their verdict, the court gave them in charge, against the objection of the defendant, the following three forms for verdict; instructing them that they were proper forms for verdicts in such a case, and that they could bring in their verdict in one of said three forms so given them, and they should render their verdict in one or the other of said forms, as they found the facts to be. Said forms were the following:

"*Form No. 1.*—'We, the jury, find the issues joined in favor of the plaintiffs. We also find that the suggestion of the defendant, of adverse possession for three years and improvements, is untrue, and assess the plaintiffs' damages at ——— dollars.'

"*Form No. 2.*—'We, the jury, find for the plaintiffs on the issues joined. We also find that the suggestion of the defendant, that for three years next before the commencement of this suit he and those whose possession he has had adverse possession of the land sued for, is true; and we assess the value, at the time of this trial, of the permanent improvements made by the defendant, or those whose estate he has, at the sum of ——— dollars. We further ascertain the value of the land sued for, at the sum of ——— dollars; and we also ascertain the value of the use and occupation of said land, not including the increased value thereof by reason of such improvements, at the sum of ——— dollars, to the time of this verdict.'

[Chapman v. Holding.]

"*Form No. 3.*—'We, the jury, find the issues joined in favor of the defendant.'

"The court instructed the jury, also, in the event of their finding for the plaintiffs, to state in their verdict, whether for the whole or any part of the premises sued for, to specify how much, and what part."

The jury returned the following verdict: "We, the jury, find for the plaintiffs on the issues joined. We also find that the suggestion of the defendant, that for three years next before the commencement of this suit he and those whose possession he has had adverse possession of the land sued for, is true; and we assess the value, at the time of this trial, of the permanent improvements made by the defendant, or those whose estate he has, at the sum of $150. We further ascertain the value of the land sued for, at the sum of $625; and we also ascertain the value of the use and occupation of said land, not including the increased value thereof by reason of such improvements, at the sum of $30, to the time of this verdict."

The defendant moved for a judgment in his favor, *non obstante veredicto,* and also in arrest of judgment. The former motion, as copied in the bill of exceptions, craves oyer of the summons and complaint, the fourth plea, the deed from the Calhouns to the plaintiffs, the deed to the defendant from his grantor, the charge given by the court to the jury on the request of the defendant, and the verdict of the jury; and then proceeds thus: "And now, upon said summons and complaint, which show on their face this suit to have commenced on the 23d September, 1871; and upon said deed of conveyance to the plaintiffs, which shows upon its face the title of the plaintiffs to commence and vest in them, and that of their grantors to divest and cease, on the —— day of March, 1869; and upon the said plea, that the defendant's vendor was in actual adverse possession of said premises, at and before the same were sold and conveyed to plaintiffs by their grantors; and upon the said deed of conveyance to the defendant; and upon the finding in said special verdict, that, for three years next before the commencement of this suit, the defendant and those whose possession he has have had adverse possession of the land sued for; and upon said charge of the court,—the defendant moves the court to enter up a judgment for him, *non obstante veredicto;* and the defendant further moves the court, upon all of said record herein before set out, to enter up judgment for him—1st, because the plaintiffs' case, as thereby shown, is a defective case; 2d, because the plaintiffs' title, as thereby shown, is a defective title; 3d, because it is thereby shown that the

(34)

[Chapman v. Holding.]

defendant's vendor was in actual and adverse possession of the premises sued for, at and before the same were sold and conveyed to plaintiffs by their grantors ; 4th, because it is thereby shown that the deed of conveyance to plaintiffs from their grantors, under and by virtue of which they claim title to the premises sued for, is absolutely null and void." The motion in arrest of judgment was in the same form, and based on the same grounds, in addition to the following : " 5th, because the verdict does not contain such specification and description of the land sued for, as by law authorized the entering up of a judgment thereon for the plaintiffs." The court overruled each of these motions, and the defendant excepted to each ruling and refusal. The defendant also made a motion for a new trial, on the ground that the verdict was contrary to the charge of the court, and contrary to the evidence ; and because the second form of verdict given by the court to the jury, being the form which they adopted, was erroneous, calculated to mislead the jury, and insufficient to sustain a verdict for the plaintiff ; which motion, also, the court overruled and refused.

The following errors are now assigned :   1. Permitting O. M. Hundley to testify as a witness for the plaintiffs.   2. Permitting A. S. Fletcher to testify as a witness for the plaintiffs.   3. " Giving in charge to the jury, immediately before they retired to consider of their verdict, against the objection of the defendant, the three forms of verdict set out in the record, and instructing them that they were proper forms of verdict in such a case, and that they could bring in their verdict in one of said three forms, and should render their verdict in one or the other of said forms, as they found the facts to be."   4. Giving said three forms to the jury, against the objection of the defendant.   5. Overruling the defendant's motion to enter up a judgment in his favor, *non obstante veredicto*.   6. Overruling the motion in arrest of judgment.   7. The judgment rendered on the verdict.

L. P. WALKER, with HUMES & GORDON, for appellant.—1. The court erred in permitting Hundley and Fletcher to testify as witnesses for the plaintiffs. They were the husbands of two of the plaintiffs, and were incompetent to testify as witnesses for their wives. The incompetency rests on principles of public policy, and is not founded on any supposed interest ; consequently, the incompetency is not removed by the statute (Rev. Code, § 2704) which abolishes the common-law rule as to disqualification on account of interest.— 1 Greenl. Ev. §§ 334, 341 ; *Sadler v. Houston*, 4 Porter, 208 ; *Wilson v. Sheppard*, 28 Ala. 623 ; *Walker v. Walker*, 34 Ala.

469.　The precise point has been decided by the Supreme Court of the United States, and by the highest courts in several States.—See *Lucas v. Brooks*, 18 Wallace, 436-52 ; *Pease v. Allis*, 110 Mass. 157 ; *Kelly v. Proctor*, 41 N. H. 139 ; *Breed v. Gore*, 41 N. H. 452 ; *Stanley v. Stanton*, 36 Indiana, 445 ; *Marshman v. Conklin*, 2 Greene, N. J. 282 ; *Cramer v. Redfield, Ib.* 367 ; *Galway v. Fullerton, Ib.* 389 ; *Manchester v. Manchester*, 24 Vermont, 649.

2.　The court erred, also, in giving to the jury the blank forms of verdict, to which the defendant objected at the time.　The first form was an absolute verdict for the plaintiff, and the third an absolute verdict for the defendant ; while the second took middle ground, and was a compromise verdict,—just such a verdict as the jury would be likely to adopt, when told that there was no law in the case, and which they did in fact adopt.　The defendant objected to the *action* of the court in giving these blank forms to the jury ; and in such case, an objection is sufficient.—*Sackett v. McCord*, 23 Ala. 851 ; *Chamberlain v. Masterson*, 29 Ala. 299 ; *Gager v. Gordon*, 29 Ala. 341.

3.　The verdict is inconsistent with itself, repugnant, and self-contradictory.　The only deed under which the plaintiffs showed title in themselves, is dated less than three years before the commencement of the suit ; and the court properly instructed the jury that, if the defendant was in the adverse possession of the land at the time said deed was executed, it was null and void, and plaintiffs could not recover on it.—*Bernstein v. Humes,* at the present term.　Yet, the verdict finds for the plaintiffs on the issues joined, and also finds in favor of the defendant's suggestion of the erection of permanent improvements under adverse possession for more than three years, which antedates the commencement of the plaintiffs' title.　On this state of facts, the defendant was entitled to have a judgment entered in his favor, *non obstante veredicto ;* and the court erred in overruling his motion to that effect.—*Snyder v. Robinson*, 35 Indiana, 311, or 9 Amer. 738 ; *Weed & Clark v. Black*, Central Law Journal, January, 1876, p. 34 ; *Lee v. Campbell*, 4 Porter, 204 ; *Dyer v. Greene*, 23 Maine, 464 ; *Brown v. Ferguson*, 4 Leigh, 39, 55-6 ; *Bellows v. Augusta Bank*, 2 Mason, 31-42 ; *Sullenberger v. Gest & Mills*, 14 Ohio, 204 ; *Smith v. Walker*, 1 Wash. 135 ; *Shanks v. Albert*, 47 Indiana, 461 ; *Brown v. Ralston*, 4 Rand. Va. 518 ; *Harbaugh v. Cicott*, 33 Mich. 241.; 1 Mason, 153.

4.　These authorities show, also, that the motion in arrest of judgment ought to have been granted ; and since the record shows all the facts, it is the duty of this court to render such judgment as the court below ought to have ren-

[Chapman v. Holding.]

dered.—Rev. Code, § 3502; *Campbell v. May*, 31 Ala. 567; *Bibb v. Hitchcock*, 49 Ala. 468; *McKenzie v. Baldridge*, 49 Ala. 564.

5. The verdict was fatally defective, because it did not describe the premises found for the plaintiff.—Rev. Code, § 2618; *Sawyer v. Fitts*, 4 Stew. & P. 365; *Koon v. Nichols*, 63 Illinois, 163; *Rawlings v. Bailey*, 15 Illinois, 178; *Patterson v. Hubbard*, 30 Illinois, 201.

BRANDON & JONES, *contra.*—1. The incompetency of the husband to testify as a witness for or against the wife, on grounds of public policy, is founded on the sanctity of the marital relation, and extends only to confidential communications between them.—1 Greenl. Ev. §§ 334, 337, 338; 1 Phil. Ev. 69; 6 East, 188; 1 B. Monroe, 224; 4 John. 230; 5 John. 144; 7 Dana, 90; *Coffin v. Jones*, 13 Pick.; *Williams v. Baldwin*, 7 Vermont; 4 Barr, 364; *Wells v. Tucker*, 3 Binney, 366; *May v. Little*, 3 Ired. N. C. 27; *Sanders v. Hendrix*, 5 Ala. 224. So far as the rule of exclusion is founded on interest, it is removed by the statute.—Revised Code, § 2704; *Robinson v. Robinson*, 44 Ala. 227; *Rowland & Co. v. Plummer*, 50 Ala. 182; 2 Kent, 79; 10 John. 38.

2. The defendant can not move for a judgment *non obstante veredicto:* only the plaintiff can make that motion.—2 Tidd's Practice, 904, 922; 1 Chitty's Pl. 657, 10th Amer. ed.; *Schermerhorn v. Schermerhorn*, 5 Wendell, 514; *Bellows v. Shannon*, 2 Hill, 86; 4 Taunton, 821; 6 Taunton, 305; 8 Taunton, 413; 1 Moore, 199; 2 Moore, 464; 2 Barn. & Ald. 560; 2 Barn. & Cress. 678; 13 Price, 434; 6 Dow. & Ry. 188; 11 N. H. 226. The case of *Da Costa v. Clarke*, 2 Bos. & P. 257, is the only case in which such a motion by the defendant has been sustained; and that was an action of replevin, in which the pleadings are different from other actions.

3. A motion in arrest of judgment can only be based on matter appearing on the face of the record; and it will not be granted on account of any defect which, after verdict, is cured by the statute of jeofails.—2 Tidd's Practice, 918; Stephens' Pl. 97. The matters set up by the defendant in arrest of judgment, were only available on motion for a new trial; and the action of the court on that motion is not revisable.

4. The verdict was general, and entitled the plaintiffs to a judgment for the entire premises.—*Clay v. White*, 1 Munf. 162; *Paul v. Smiley*, 4 Munf. 468; *Farrow v. Farrow*, 2 J. J. Mar. 388; *Doe v. Wilson*, 2 Starkie, 477; 5 Litt. 322; *McMurray v. O'Neal*, 1 Call, 216; 9 B. Mon. 240; 4 Bibb, 285; *Hamner v. Eddins*, 3 Stew. 192; 10 Mass. 64.

[Chapman v. Holding.]

STONE, J.—The rulings on demurrer not being shown in the judgment of the court, we cannot consider them.—*Petty v. Dill*, 53 Ala. 641.

2. The husbands of two of the plaintiffs were called to testify for them. Their testimony did not at all relate to any communications made by one to the other; and it did not tend to disclose any fact or circumstance, connected in the least with that sacred confidence between husband and wife, which should always be respected. We think the objection to the competency of the witnesses was not well taken.—*Robinson v. Robinson*, 44 Ala. 227; *Lang v. Waters*, 47 Ala. 624.

3. The complaint describes the lands sued for, with minute particularity, alike as to boundaries and quantity. The plea of not guilty was an admission of defendant's possession; and there was no disclaimer as to any part. The issues found all go to the entire premises sued for. The description in the complaint, and the issues formed upon it, sufficiently describe the property, to prevent mistakes in its location and identification. The language of the verdict was: "We, the jury, find for the plaintiff, on the issues joined." The issues joined were, an affirmation by the plaintiffs that the premises sued for—the premises as described—were the property of plaintiffs, wrongfully possessed and held by the defendant; and an admission by defendant that he was in possession, with a denial of plaintiffs' ownership and right of recovery. Finding the issues in favor of plaintiff is as definite and determinate, as if the verdict had affirmed that the jury found for the plaintiff the lands described in the complaint; and it was a finding of all that was claimed in the complaint, except those parts which the verdict affirmed was not so found.—See *Hamner v. Eddins*, 3 Stew. 192; *Sawyer v. Fitts*, 2 Por. 9; *S. C.*, 4 Stew. & Por. 365, 370; *Hines v. Greenlee*, 3 Ala. 73. It is only when the jury find for the plaintiff, less than the quantity sued for, that the verdict must describe the part of the premises recovered. We think the verdict sufficient.—Code of 1876, § 2967.

4. There was no exception to any part of the charge to the jury, nor to the several blank forms of verdict furnished by the court, so varied as to present every conceivable form of their finding. If this had been excepted to, we can perceive nothing in it which would have misled the jury. The custom, sanctioned alike by principle and practice, has long prevailed, of instructing juries as to the proper forms of their verdicts. If such instruction, orally given, be free from error, it is difficult to conceive how reducing it to

writing can vitiate it. We think such practice is not only free from objection, but that it is commendable.

5. The only remaining questions are those which arise out of motions made after verdict; first, for judgment for the defendant, *veredicto non obstante;* and, *second,* to arrest the judgment and set aside the verdict, because the latter is inconsistent in its findings, and repugnant to itself. An insuperable obstacle to the maintenance of either of these propositions is found in the fact, that there is nothing incompatible or repugnant in the verdict of the jury, when considered by itself, or taken in connection with the pleadings. Counsel for the motion perceived this difficulty, and sought to obviate it, by bringing before the court, on oyer, not only the process by which the suit was commenced, but part of the documentary evidence by which plantiffs proved their title. They have shown great industry in search of authorities to sustain their views, and, among others, have cited the following : *Snyder v. Robinson,* 35 Ind. 311 ; *S. C.,* 9 Amer. Rep. 738; *Dyer v. Greene,* 23 Me. 464 ; *Brown v. Ferguson,* 4 Leigh, 37 ; *Bellows v. H. & A. Bank,* 2 Mason, 31 ; *Sullenberger v. Gest,* 14 Ohio, 204 ; *Smith v. Walker,* 1 Wash. Va. 135 ; *Shanks v. Albert,* 47 Ind. 461 ; *Harbaugh v. People, ex rel.,* 33 Mich. 241 ; *Stearns v. Barrett,* 1 Mason, 153 ; *Brown v. Ralston,* 4 Rand. 504, 518.

None of these cases sustain the view contended for. In the case of *Brown v. Ralston,* the court drew the proper distinction, between motions and orders thereon, in arrest of judgment, and orders granting new trials. It was there said : " They differ in this—that the *venire facias* is the ancient proceeding of the common law ; the new trial, a modern invention to mitigate the severity of the proceeding by attaint. New trials are generally granted, where a general verdict is found ; a *venire de novo,* upon a special verdict. The most material difference between them is, that a *venire* must be granted upon matter appearing upon the record ; but a new trial may be granted upon things out of it."

In the present case, the pleadings and verdict show a complete right of recovery. The verdict is general—not a special finding of facts. It is only by bringing before the court a part of the evidence, that it is claimed that the verdict finds inconsistent facts ; and on the strength of which, the motions above stated were pressed. It furnishes no ground for a judgment for defendant, *veredicto non obstante;* and it furnishes no ground for arrest of judgment proper, either in the Circuit Court, or this court. The most that can be affirmed of it is, that it afforded matter for consideration on a motion for a new trial. From circuit rulings on such

[Chapman v. Holding.]

a motion, no appeal lies to this court.—2 Brick. Dig. 276, §§ 1, 2, 3.

We find no error in the record, and the judgment of the Circuit Court is affirmed.

*Note by Reporter.*—On a subsequent day of the term, the appellant's counsel having filed an application for a rehearing (on points shown by their brief, *ante*), the following opinion was delivered.

STONE, J.—A very ingenious argument has been made, tending to show that the second skeleton form of verdict, submitted by the court to the jury, was calculated to mislead, and did mislead them, as shown by the verdict they rendered. The point of the argument is, that the deed to the Holdings, under which they claim title, shows on its face that they acquired title less than three years before the suit was brought; and inasmuch as the jury found in favor of defendant's suggestion, that "he and those whose possession he had, for three years next before the commencement of the suit, had had adverse possession thereof," this shows that plaintiffs were not entitled to recover; because, when the Holdings purchased, the property was adversely held by another, which is a complete defense to their action.—*Bernstein v. Humes*, at the present term. In other words, the argument is that, under the testimony given, this charge could not properly be given; but that the jury should have been instructed, if they found there had been three years adverse possession, then they must find for the defendant.

If this question was properly presented by the record, we would hold that the court should have charged the jury, that if the property sued for was adversely held and occupied, at the time plaintiffs acquired their title, then their verdict should be for the defendant.—*Humes. v. Bernstein, supra.* The record is silent as to whether this charge was or was not given. We are bound to presume the Circuit Court correctly instructed the jury in matters of law, unless the record affirmatively shows the contrary.—1 Brick. Dig. 345, § 143; *Ib.* 781, §§ 118, 120; *Ib.* 782, § 125; *Ib.* 783, §§ 141, 143, 146, 147, 148, 149; *Ib.* 784, §§ 150, 151, 154, 155. If the court correctly charged the jury, on matters of abstract law, and there were tendencies of the evidence which rendered it proper that other and explanatory charges should be given, then it was the duty of the counsel to direct the attention of the court to the subject, and ask proper explanatory charges.—*Dave v. The State*, 22 Ala. 23; *Farley v. Smith*, 39 Ala. 38; *Wolfe v. Parham*, 18 Ala. 441; 1 Brick. Dig. 344,

§ 129. Assuming that the court correctly charged the jury, on all questions, not shown to the contrary by the record, the only inference is, that the jury must have disregarded the charge of the court, as to the effect of adverse possession on plaintiffs' right of recovery. Such error can only be redressed by granting a new trial; and of such motion, this court possesses no revisory jurisdiction.—2 Brick. Dig. 276, § 1.

What we have said above shows, that if there had been a distinct and separate exception to the form of verdict numbered 2, given by the court, it would scarcely furnish ground for a reversal. But there are two obstacles in the way of considering the question on the present record. The language of the bill of exceptions is : " Immediately before the jury retired to consider of their verdict, the court gave them in charge (against the objection of defendant) the following three forms of verdict, instructing them that they were proper forms of verdicts in such a case," etc. Forms 1 and 3 are free from objection, under the evidence in the record. Form 2 is alone objected to. It is doubtful if the words, " against the objection of defendant," are sufficient to reserve an exception.—*Gager v. Doe, ex dem.*, 29 Ala. 341. But an exception, to receive consideration, must point out—direct the attention of the court to—the specific ruling complained of.—*Johnson v. McGehee*, 1 Ala. 186. And a general exception to a mass of evidence, some portion of which is legal, or to a lengthy charge, or several charges, some separable parts of which assert correct legal propositions, is no ground for reversal—*Rives v. McLosky*, 5 Stew. & Por. 330 ; 1 Brick. Dig. 250, §§ 111, 113 ; *Holland v. Barnes*, 53 Ala. 83 ; *Owens v. The State*, 52 Ala. 400 ; *Cohen v. State*, 50 Ala. 108. Conceding that the exception in this case was sufficiently reserved, it is taken to the entire three forms of verdict, two of which are unquestionably correct, under any phase of the testimony. The exception should have designated the part of the charge objected to, so that the court could pronounce on the direct question, by correcting or modifying its rulings or not, as its quickened attention might suggest. The objection in this case was only calculated to create the impression, that, in the opinion of counsel, the court erred in giving to the jury skeleton forms of verdict, to meet any conclusion they might arrive at, in weighing the evidence. In our first opinion we showed that the Circuit Court did not err in this.

The application for a rehearing is overruled.