CHARLES, A SLAVE, VS THE STATE.

4p 107
94 433

4p 107
96 113

*As to the power of different Judges of the same Court,*
*to carry out the judgments of each other.*

1. Where a verdict of guilty is rendered in a criminal case, and the Court adjourns without giving judgment thereon,—a different judge presiding at a different term, has power to render that judgment, which the first Court should have given.

In this case, Charles, a slave, was indicted in the Circuit Court of Madison, at the October term, eighteen hundred and thirty-five, thereof, for the murder of Willis Sanford : and on the twenty-ninth day of October, a day of that term, by a jury, found guilty of the offence. The Court, after the finding, adjourned to the thirtieth, and from thence to the thirty-first, and from thence to the fourth of November, and from thence to the succeeding term, without rendering judgment on the verdict.

At April term, eighteen hundred and thirty-six, the prisoner was brought to the bar for judgment, when a motion was made by his counsel for his discharge, on the ground, that the judge who presided at the term when the prisoner was convicted, had died after said term, and that the then present presiding judge had no power to render judgment on the verdict of the former term—the case having been continued without any judgment having been rendered, or other proceeding had. The Court overruled the motion to discharge, as also one made in arrest of judgment

—but referred the question to this Court, as one novel and difficult.

*Parsons* and *Robinson*, for prisoner,
*Attorney General,* contra.

HOPKINS, J.—On the twenty-ninth of October, eighteen hundred and thirty-five, a verdict of guilty was returned by a jury, into the Circuit Court of Madison County, against Charles, the plaintiff in error, upon an indictment for murder. The Court was adjourned on that day to the thirtieth of the same month, on the thirtieth to the thirty-first, on the thirty-first · to the fourth of the next month, and on the last mentioned day till the next term thereof, without having given a judgment on the verdict against the prisoner, or acted upon it in any manner. Before the next term of the Court, the judge, who presided on the trial of the indictment, died. At the next term, a motion was made by the counsel of the prisoner for his discharge, upon the ground, that the Court held then by a different judge had no power to give a judgment, which ought to have been rendered by the Court during the preceding term. The motion was overruled, and the counsel of the prisoner then moved, upon the same reason, in arrest of judgment; which motion the Court overruled also.

The questions, which arose upon both motions, the Circuit Court referred to this Court, as novel and difficult.

The Circuit Courts, though the powers of them may be exercised at different terms by different judges, are always the same. The power, which be-

longs to them, does not depend upon the commission
of any judge who exercises it, but is derived from
the Constitution, and is always the same while there
are judges to exercise it. The Court held by the
judge, before whom the motions in the case were
made, had the same power to act on every case that
remained on the docket undetermined, or to grant a
new trial, or render a judgment in a case in which
a verdict had been given, but not acted upon by the
Court at the preceding term, which belonged to the
Court at that term. This principle has been recog-
nized by the Supreme Court of the United States,
and requires, in the opinion of that Court, judges of
the District Courts of the United States to do what
their predecessors in office could have done, but had
omitted to do.* A judge of a Circuit Court, has an
ample power from the Constitution to act in such a
case, as was conferred in England by the statutes of
*Henry* 6, & *Eliz.* 6, upon Justices of Assize and of
Oyer and Terminer and Jail Delivery, to give upon
convictions had before their predecessors, the judg-
ments they could have rendered.†

HARVARD LAW SCHOOL LIBRARY

The facts relied upon in support of the motions,
did not affect the power of the Court to give judg-
ment in this case, and, therefore, gave the prisoner
no right to be discharged, or to arrest the judgment.

Whether the Circuit Court, in the exercise of a
sound discretion, ought not, voluntarily and without
a motion from the prisoner, to have granted him a new
trial, is a point, which that Court did not reserve for
the consideration of this. It is true, as the counsel
of the prisoner affirmed, that Sir Matthew Hale
never would give judgment, or award execution,

*†2 Hale's Pls. Cro. 400, 405, 406; 1 Chit Cri. Law, 568, 569. †8 Peters' 29.*

upon a person who had been reprieved by another judge, because he could not know for what reason he had been reprieved; and his rule, in this respect, has been, in general, observed by his successors.*

In cases like this, in which the judge who presided at the trial, had power to grant a new trial on his own observation of any impropriety in the conduct of the witnesses, or because he did not believe them, it would, perhaps, be most proper for the Court to grant a new trial, unless it appeared by evidence, from some source, that the judge, before whom the cause was tried, was satisfied with the verdict.

Let the judgment be affirmed.

*2 Hale's Pl's. Cro. 405, 406 & note H.; 1 Chit. Cri. Law 569.