94  431
96  113
94  431
105  123

# *Ex parte* State, *in re* Newton.

Application for Certiorari, Mandamus, etc., in matter of Discharge on Habeas Corpus.

1. *Conviction of misdemeanor, with fine imposed as punishment; sentence to hard labor, at subsequent term.*—On conviction of a misdemeanor, a fine being imposed as the punishment, the court may at once enter judgment on the verdict, and, in its discretion, allow the defendant a reasonable time, during the term, to pay or confess judgment for the fine and costs, before rendering judgment and sentence to hard labor (Code, §§ 4503-04); but, questions of law being reserved, if

[Ex parte State, in re Newton.]

judgment of conviction only is entered on the verdict, the court has no power at a subsequent term, after affirmance by the appellate court, to render judgment and sentence to hard labor for the fine and costs.

CLOPTON, J.—This proceeding is an application by the State on the relation of the solicitor of Montgomery county, for a *certiorari*, *mandamus*, or other remedial writ, requiring the judge of the City Court of Birmingham to certify, and return for revision to this court, the proceedings under a writ of *habeas corpus*, applied for and obtained by Nancy E. H. Newton, on the hearing of which she was released and discharged from the performance of hard labor, to which she had been sentenced by the City Court of Montgomery. The judge having returned the proceedings in his answer to the rule *nisi*, the case comes before the court for decision on the merits.

At the February term, 1891, of the City Court of Montgomery, Mrs. Newton was indicted for assault with intent to murder, and on March 27, 1891, was convicted of assault and battery, and a fine for five hundred dollars assessed by the jury. Immediately after the rendition of judgment for the fine, she took an appeal therefrom, and entered into bond with sureties for her appearance to abide the judgment of this court. The judgment of conviction having been affirmed, Mrs. Newton appeared in the City Court of Montgomery, July 27, 1891, when a judgment, reciting the conviction, assessment of the fine, the appeal and affirmance, was rendered as follows : "And the said fine and costs of this prosecution not being presently paid, or otherwise secured, and the said defendant, being asked by the court if she had anything to say why sentence of the law should not now be pronounced against her, says nothing; it is therefore considered by the court, and it is the judgment and sentence of the court, that the said defendant perform one hundred and forty days hard labor for the county of Montgomery, in payment of said fine ; and the costs of the prosecution being now ascertained, and amounting to seventy-three dollars and seventy cents, it is further considered by the court, that the said defendant perform an additional term of eight months hard labor for Montgomery county, in payment of said costs, at the rate of thirty cents *per diem*."

The sentence to hard labor was imposed under sections 4503 and 4504 of the Code. The first provides, that if the fine and costs are not paid, or a judgment confessed according to the provisions of section 4502, the defendant must either be imprisoned in the county jail, or, at the discretion of the court, sentenced to hard labor for the county for a specified number

of days, proportioned to the amount of the fine; and the second authorizes the imposition of an additional term of hard labor as may be sufficient to pay the costs, at a rate of not less than thirty cents for each day, but not to exceed eight months in cases of misdemeanor. The question is, whether the sentence to hard labor for payment of the fine and costs, having been imposed at a term of the court subsequent to the term at which the conviction was had, and judgment for the fine rendered, and after the judgment of conviction had been affirmed by this court, is authorized and legal.

The general power of the court to set aside or modify its unexecuted judgments, during the term at which they were made, in criminal cases, is not, and can not be denied. When a fine is assessed, and the fine and costs are not paid, nor judgment confessed therefor as provided by section 4502, it is made the duty of the court to imprison the defendant, or sentence to hard labor, as required by the statute. Under the statute, the court may impose the alternative punishment as a part, and in continuation of the entry of the judgment of conviction; or, if deemed proper, the court may have the judgment of conviction entered, and allow the defendant a reasonable time to pay the fine and costs, or confess judgment therefor; and on failure, may impose the alternative punishment at any time during the term. Either course is in pursuance of the statute. It may be that, when the court adjourns, without rendering judgment on a verdict of guilty, the suspension being at the instance of the defendant, it may pronounce, at the next term, the judgment which should have been pronounced at the previous term, as was held in *Charles v. State*, 4 Porter, 107. The power of the court to modify its judgments, except for the correction of clerical misprisions, or to amend *nunc pro tunc* for the purpose of making the record speak the truth, ceases at the expiration of the term. A judgment imposing punishment can not be pronounced by piece-meal at different terms; and after the expiration of the term the court is without power to substitute another kind of punishment for that first imposed.—*People v. Felker*, 61 Mich. 110. The judgment or sentence pronounced during the term must embrace the entire punishment imposed.

Furthermore, when the judgment of the City Court was affirmed in this court, it became so merged in the judgment of this court as to place it beyond the power of the City Court to alter or modify it, so as to impose the alternative punishment.— *Werborn v. Pinney*, 76 Ala. 291. It is insisted that by the interposition of the appeal, and giving the bond to abide the judgment of the appellate court, Mrs. Newton, by

[Ex parte State, in re Newton.]

her own act, compelled the postponement of ascertaining whether she would pay the fine and costs or confess judgment therefor; and that these facts could not be ascertained until the decision of the case by this court. It may be conceded, that the operation of the appeal was to remove the case to this court, and that the City Court could not thereafter make any order in the case until decided by this court; but the appeal did not prevent the City Court from imposing the alternative punishment under section 4503, before the case was thereby removed; an appeal does not lie until there is a final judgment. When questions of law are reserved in such cases, the court may proceed to impose the alternative sentence to hard labor, before making an order suspending the execution of the sentence until the appeal is decided. This operates no hardship on the defendant. The imposition of the sentence to hard labor may be avoided by a confession of judgment for the fine and costs; and if the judgment of conviction is reversed, the judgment confessed falls with it.—*Burke v. State*, 71 Ala. 377.

Our conclusion is, that the judgment of conviction, and for the fine and costs, having been rendered at the February term, 1891, and an appeal taken therefrom, the City Court had no power to impose the alternative sentence to hard labor at the next term of the court, and after the affirmance of the judgment by this court.

The application must be denied.