# Clanton v. The State.

## Indictment for Gaming.

1. *Judgment on plea of guilty entered at previous term.*—In a prosecution for a misdemeanor, where the defendant enters a plea of guilty, and a verdict is rendered assessing the fine, but no judgment is rendered at that term on the plea and verdict, a judgment may be entered thereon at a subsequent term, if, in the meantime, the case has been regularly kept in court, so that there has been no discontinuance.

2. *Discontinuance; waiver of.*—A defendant in a criminal case, by procuring a continuance, waives the objection that there had been a previous discontinuance of the case.

APPEAL from the City Court of Montgomery.
Tried before the Hon. T. M. ARRINGTON.

JOHN GINDRAT WINTER, for appellant.—1. The court has no power to enter judgment *nunc pro tunc* after the adjournment of the term at which the conviction was had, unless the suspension of the sentence is at the instance of the defendant, or the delay is attributable to him, or is caused by the court, or the negligence of the clerk.—1 Freeman on Judgments, § 57, *et seq; Ex parte State, in re Newton*, 10 So. Rep. 549. 2. Even if the court had such power, the right was barred by the statute, three years having elapsed from the date of conviction.—Code, § 2836. 3. A discontinuance

[Clanton v. The State.]

may, in a criminal case, be brought about by the act of the State, or of the court.—3 Brick. Dig. p. 269, § 258; *Kirby v. State,* 62 Ala. 51.

W. L. MARTIN, Attorney-General, for the State. TENNENT LOMAX, Solicitor for Montgomery county, also filed a brief for the State, in which he stated the following propositions: 1. That where a verdict has been rendered, and there is no judgment on verdict at the term at which the verdict was rendered, and the cause is regularly continued from term to term, the court has the unquestioned power at any subsequent term to enter the proper judgment *nunc pro tunc.* 2. That such a state of the record does not show either a discontinuance or an abandonment, but an active prosecution of the cause. 3. That the right of the court to enter such a judgment is not determined by the statute of amendments (Code, § 2836), which applies alone to civil cases, but is based upon the inherent, common law power of the court, and is not limited in matter of time. In support of these three propositions, he cited *Ex parte Jones,* 61 Ala. 399; *Benson v. State,* 91 Ala. 86; *Ex parte Wm. Beard,* 41 Texas, 234; *Smith v. State,* 1 Texas App. 408; *Charles v. State,* 4 Porter, 107; 1 Freeman on Judgments, § 56.

COLEMAN, J.—At the March term, 1887, of the City Court of Montgomery, the defendant pleaded guilty to the second count of the indictment, which charged him with the offense of having played "at a game with cards or dice in a public house or some other public place," &c. Upon his plea of guilty, the jury assessed a fine of twenty dollars. At this term there was no judgment of the court rendered upon the verdict of the jury. At the March term, 1892, the State, by its solicitor, moved the court for a "judgment *nunc pro tunc.*" The defendant resisted the motion, 1st, upon the ground, "that the court has no power to sentence after the adjournment of the term at which the conviction was had," and second, "that the State by its solicitor had discontinued the cause." The judgment entry of the court declares that the motion of the solicitor for a judgment *nunc pro tunc* "is granted," and after remitting the fine, and ascertaining that the cost had not been paid or confessed with security, the judgment proceeds as follows: "It is the judgment and sentence of the court that the defendant perform hard labor for Montgomery county for the term of . . . . . . days to begin from this, the 14th day of March, 1892."

[Clanton v. The State.]

The motion of the State by its solicitor avers, "that at each term of said court subsequent to the February term, 1887, and up to the October term, 1888, when defendant was re-arrested and a new bond given, the said cause was regularly continued, and from said October term, 1888, up to and including the October term, 1891, said cause was regularly continued. That at no time has any other or further order been made in said cause than herein appears." The bill of exceptions has the following statement: "And the evidence for the State showed the facts set out in the motion to be true." No evidence introduced by the defendant conflicted with this statement, and the record shows that at the July term, 1888, the cause was continued by the defendant.

On this state of facts, the following authorities amply show there has been no discontinuance of the cause, and the affirmative action of the defendant in procuring a continuance at the July term, 1888, would be held a waiver had there been a mere discontinuance prior to that time.—*Torrey v. Forbes*, 94 Ala. 135; *Ex parte Hall*, 47 Ala. 675; *Walker v. Cuthbert*, 10 Ala. 213; *Drinkard's Case*, 20 Ala. 9; *Reeves v. State*, *ante* p. 33. It is insisted that, under the authority of the case of *Ex parte State, in re Newton*, 94 Ala. 431, the court had no power to render judgment at a term subsequent to that at which the verdict was rendered. The case cited does not sustain the proposition. In *Ex parte State, in re Newton*, this court held that when final judgment was rendered at one term of the trial court, complete in itself, from which an appeal was prosecuted to the Supreme Court, upon affirmance, the trial court had no authority to add to or modify its first judgment. In that case the proposition declared in *Charles v. State*, 4 Por. 107, was recognized, in which it is distinctly held, "that the court had the power at a succeeding term to render a judgment in a case in which a verdict had been given, but not acted upon by the court at the preceding term." The application of the principle here stated depends, of course, upon the fact that the cause has been kept in court regularly, by proper orders, so as to prevent a chasm or discontinuance. In so far as the court attempted to render a judgment *"nunc pro tunc,"* we do not think the facts authorized it, or that the judgment rendered has in fact the effect of a judgment *nunc pro tunc.* From the time the jury assessed the fine until the rendition of the final judgment, the case was *in fieri*, and having been regularly continued at each term, the court had authority and power to render final judgment upon defendant's plea of guilty, and the verdict of

8-96.

[Billingslea v. The State.]

the jury, at any subsequent term. Though predicated upon the motion of the solicitor for a judgment "*nunc pro tunc,*" the judgment itself is made to take effect from and after its date, to-wit, March 14th, 1882, and, as we have shown, the court had ample authority to render such a judgment. The law requires the presence of the defendant in open court, when its sentence is pronounced, and if after verdict of the jury he absents himself, during the remainder of the term, so that its sentence can not be legally pronounced against him during the term, he can not thereby escape its penalty unless, by some act on the part of the State, such as a discontinuance, or some other sufficient cause, the court has parted with its power to render judgment. We find no error in the record, and the judgment must be affirmed.

Affirmed.

