(90 South. 69)
### DALEY v. CITY OF DECATUR.
### (8 Div. 809.)

(Court of Appeals of Alabama. April 19, 1921. Rehearing Denied May 10, 1921.)

Habeas corpus ⚌26—One may not, after paying adjudged fine and costs, be taken into custody on account of conditional sentence to work on the road.

Where one was adjudged guilty, and sentenced to pay a fine and costs and to 30 days' work on the streets, with provision, "Sentence suspended on his promise not to go to this house again," and he then paid the fine and costs, subsequent effort to enforce the part of the sentence as to labor, he being taken into custody by an officer under verbal direction from the court, was without authority of law, and he is entitled in habeas corpus proceeding to discharge; the sentence to work being in substance on condition, which the court is with-

out authority to provide, and the court being without authority after he has suffered lawful punishment by payment of fine and costs assessed against him to impose further punishment.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Julius Daley brought habeas corpus to be discharged from custody of the chief of police of the City of Decatur, and from an order refusing his discharge he appealed. Reversed and rendered.

Certiorari denied 206 Ala. 698, 90 South. 925.

Wert & Hutson, of Decatur, for appellant.

Motion and not demurrer is the way to raise questions as to the return. 151 Ala. 656, 53 South. 962. A subsequent term of court cannot impose imprisonment. 43 N. J. Law, 113, 39 Am. Rep. 547; 151 Ala. 656, 53 South. 962; section 7027, Code 1907. Defendant was entitled to his discharge. 170 Ala. 105, 54 South. 501; 103 Ala. 95, 15 South. 506; 12 Cyc. 783; 12 Cyc. 378; 20 Ala. 12; 48 Ala. 675; 8 R. C. L. 247; 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189.

Callahan & Harris, of Decatur, for appellee.

The court properly declined to grant the petition. 170 Ala. 105, 54 South. 501; 156 Ala. 620, 46 South. 980; 243 U. S. 27, 37 Sup. Ct. 370, 61 L. Ed. 570; 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98; 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175; 16 C. J. 1335; 121 Ala. 397, 25 South. 809; 16 Ala. App. 118, 75 South. 710.

BRICKEN, P. J. This cause was submitted on appeal in the Supreme Court on February 1, 1921, and by that court transferred to the Court of Appeals on April 4, 1921, as here belonging.

On the hearing of a petition to be discharged by the writ of habeas corpus from the custody of the chief of police of the city of Decatur, petitioner was remanded to custody and appeals.

As we gather the facts from the record, petitioner on August 6, 1920, was tried before the mayor, acting as recorder, for the violation of a municipal ordinance defining and denouncing the offense of disorderly conduct. The judgment entry, after reciting the appearance of the parties and the hearing of evidence, concluded as follows:

"Defendant adjudged guilty by the court and fined $13.60 and costs and 30 days on the streets. Sentence suspended on his promise not to go to this house again."

Fine and costs were presently paid. On August 19, 1920, the writ in this case was

sued out, and upon the hearing it appeared that the chief of police under verbal order from the mayor had retaken petitioner into custody and was holding him for the performance of the last clause of the judgment of conviction, viz., "30 days on the streets," and by no other authority.

Though it may be assumed that "30 days on the streets" meant 30 days at hard labor upon the streets, in addition to fine and costs, as authorized by the statute (section 1216 of the Code of 1907), since the courts will go to all reasonable lengths to support the judgments of municipal magistrates when assailed by the writ of habeas corpus (Ex parte Hill Adams, 170 Ala. 111, 54 South. 501), the judgment in this case, or rather, we will say, the effort to enforce the judgment in the circumstances stated, was not justified in law.

It is evident that petitioner was being held, not by the unaided virtue of the judgment of August 6th, but on a finding—not, however, the result of a judicial investigation—that at some later day petitioner had violated his promise, whereupon it was determined to put the original sentence into execution. There is in this state no statutory authority for such proceeding, the adjudications of the Supreme Court afford an inference against it (Ex parte State in re Newton, 94 Ala. 431, 10 South. 549; Clanton v. State, 96 Ala. 111, 11 South. 299) and our judgment is that it cannot be sustained at this time because out of harmony with the theory and practice of our judicial administration.

The right of the criminal courts at common law to suspend sentence is asserted by writers of acknowledged authority. The authorities are cited in People v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856. But that for reasons which do not now obtain; that was because the courts had no power to grant new trials, either upon the same or additional evidence, and the verdict was not reviewable upon the facts by any higher court. 141 N. Y. supra.

It will be observed that the trial court pronounced what it must be held to have considered the proper punishment for the offense committed by the petitioner, and then placed it in the power of the petitioner by his conduct to free himself from the lawful infliction of the punishment so pronounced. In substance the sentence to hard labor pronounced in this case was a sentence upon condition. But the principle is fundamental that the sentence in a criminal case must be certain and definite, and not dependent on any contingency or condition. 8 R. C. L. p. 254; Bradley v. State, 69 Ala. 318. In the text of R. C. L., supra, it is stated that—

"Whenever the question has arisen and been passed on, it has been decided, practically without dissent, that in passing sentence on a person convicted of an offense the court has no power to provide that the imprisonment of the defendant shall begin at some future, indefinite, time, depending on the happening of a contingency"—citing Tanner v. Wiggins, 54 Fla. 203, 45 South. 459, 14 Ann. Cas. 718; State v. Sturgis, 110 Me. 96, 85 Atl. 474, 43 L. R. A. (N. S.) 443; Ex parte Clendenning, 22 Okl. 108, 97 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628, 18 Ann. Cas. 152.

These cases, as far as they go, sustain the text, and such, in our opinion, is the case here under consideration, and such its proper disposition.

Further, it is said (8 R. C. L. 250–254) that such stays involve the exercise of the pardoning power which is confined exclusively to the executive and may not be exercised by the courts. Vinson v. State, 16 Ala. App. 536, 79 South. 316. There are authorities to the contrary; but we think the reason of the matter is with the cases cited, and we hold in agreement with them. The cases are collected in a note to State v. Abbott (S. C.) 33 L. R. A. (N. S.) 112; in a note to St. Hilaire, petitioner (Me.) 8 Ann. Cas. 385; and in other commentaries noted under the text of R. C. L., supra.

The effort to execute that part of the sentence which consigned petitioner to "30 days on the streets" was without authority of law, nor does it appear that conditions obtained which would authorize such a sentence at a future time.

A judgment imposing punishment cannot be pronounced by piecemeal at different terms, and after the expiration of the term the court is without power to substitute another kind of punishment for that first imposed. Ex parte Newton, supra. And petitioner has suffered a lawful punishment; he has paid the fine and costs assessed against him; he cannot be punished again either in addition to or substitution for the penalty already paid. Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, cited and commented on in Ex parte Gunter in re State, etc., 193 Ala. 486, 69 South. 442.

It results in our view that the petitioner should have been discharged from custody. An order to that end will be here made.

Reversed and rendered.