See, also, 217 Ala. 143, 115 So. 155.

M. B. Grace, of Birmingham, for petitioner.

Fred Fite, of Birmingham, for respondent.

BOULDIN, J. Mandamus to vacate an order or judgment of nonsuit and reinstate a cause upon the docket of the circuit court.

The petition alleges that plaintiff's counsel, desiring a new panel of jurors or a continuance, inadvertently requested a nonsuit, but immediately and before the entry of such order advised the court of such mistake, withdrew the request, and made known his real motion; but that the court persisted in entering a nonsuit over his protest.

This phase of the case presents an issue of fact. Petitioner has not sustained the burden.

The answer of Judge Snyder, with supporting affidavits, shows the order was entered at plaintiff's request; that the request to grant a continuance was made after the nonsuit was entered; that plaintiff's counsel, Mr. Grace, was advised at the time of the court's willingness to hear a motion to vacate the order at a later time, and such motion was filed.

An alternate prayer is that Judge Snyder be required by mandamus to hear and pass upon the motion to set aside the order for a nonsuit and restore the cause to the docket.

(122 So. 410)

**STATE ex rel. TUCK v. SNYDER, Circuit Judge.** (6 Div. 240.)

Supreme Court of Alabama. May 16, 1929.

This feature presents an issue of law. The record shows the motion was regularly continued to May 26, 1928, on which date it was taken under advisement. Not being acted upon during the term, it was, on June 30th, continued until September 17th of the following term. No further orders were made.

Giving a rather liberal construction to our 30-day statute, we have declared that when a motion for new trial, or motion governed by the same rule, is submitted, heard, and taken under advisement, it will be treated as potentially on trial, and no further orders of continuance are necessary during the term. If not acted upon during the term, a continuance must be ordered to keep the motion alive. This was done here. Does that order keep the cause in the status of one on trial so as to obviate the necessity of a further order of continuance if not acted upon September 17th?

We think not. All trials at law end with the term. When the cause is continued to another term, it must be acted upon on the date fixed. Must be again continued by order as per statute, or must be heard and taken under advisement without regard to the orders of a former term. It would defeat the purpose of our statute requiring such motions to be duly followed up, if we adopt a construction wiping out its provisions after a continuance to another term. Our cases have made plain that a submission and taking under advisement only keeps the motion alive to the end of the term. Childers v. Samoset Mills, 213 Ala. 292, 104 So. 641; Greer v. Heyer, 216 Ala. 229, 113 So. 14; Ex parte Adams, 216 Ala. 353, 113 So. 513.

The motion in this case expired and passed beyond the control of the court on and after September 17, 1928, for want of action thereon or some further order.

In the event Judge Snyder's sickness prevented his presence and plaintiff desired to further prosecute his motion, the matter should have been presented to another judge having jurisdiction to enter a continuance. No such course appears to have been taken.

Mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.