(132 So. 877)
# CITY OF BIRMINGHAM v. ANDREWS.
## Ex parte ANDREWS.
### 6 Div. 830, 831.
Supreme Court of Alabama.

March 5, 1931.

Horace C. Wilkinson, of Birmingham, for appellant.

Fort, Burton & Jones, of Birmingham, for appellee.

**FOSTER, J.**

The circumstances when a judgment non obstante veredicto will be rendered, or when a motion in arrest of judgment or for a repleader will be granted have been referred to in several of our cases, and in numerous decisions of other courts, following the common law.

Originally a judgment non obstante veredicto was available to plaintiff only, but by relaxation of this early common-law rule "the generally prevailing rule now is that either plaintiff or defendant may have" such a judgment "in proper cases." 33 Corpus Juris, 1178–1180; Chapman v. Holding, 60 Ala. 522.

An arrest of judgment on motion of defendant operates as a discontinuance and dismissal of defendant, but at common law it was not sufficient to support a writ of error at the instance of plaintiff, unless it was followed by a judgment against plaintiff. 34 Corpus Juris, 44. And at common law a repleader was proper when the plea insufficiently set up a substantial defense, and there was a verdict on it for defendant; then no judgment was rendered for plaintiff non obstante veredicto. But if the plea was in good form, but not of substance, the confession without substantial avoidance justified a judgment for plaintiff non obstante, after verdict for defendant. See note 33 Corpus Juris, 1182.

According to our system of pleading with many counts, and many pleas, and on account of a more liberal system generally prevailing with us, the whole subject seems to resolve itself into a right on the part of plaintiff to a judgment non obstante, only when on the whole it clearly appears that the verdict for defendant was upon a special plea of confession and avoidance, and when the avoidance was an immaterial matter. This of course is difficult to find when there are some good special pleas, as well as the one which is immaterial, or when the general issue is pleaded. The court will not consider the evidence and charges to the jury further than to ascertain whether it clearly appears from the entire case that the verdict was surely upon the immaterial plea. Ex parte Pearce, 80 Ala. 195; Chapman v. Holding, 60 Ala. 522; Mudge v. Treat, 57 Ala. 1; Hamner v. Pounds, 57 Ala. 348; Taylor v. Smith, 104 Ala. 537, 16 So. 629; Cent. of Ga. R. Co. v. Gross, 192 Ala. 354, 361, 68 So. 291; Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276; 33 Corpus Juris, 1182 et seq.; 46 Corpus Juris, 65.

And defendant is entitled to an arrest of judgment or one non obstante veredicto only when the verdict for plaintiff was surely upon a count which did not state a substantial cause of action. This is declared by our statute, section 7858, Code. Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46.

We have gone thus into detail to show that a proceeding of the nature we have discussed must be founded upon substantial insufficiency of the pleading, upon which the

verdict surely rested, and does not take the place of a motion for a new trial.

A motion for a new trial may be predicated upon the same issues of law as will support the other proceedings, but the latter is bound by the limitations we have indicated. Neither a judgment non obstante veredicto nor an order in arrest of judgment contemplates a new trial. If either may be granted for the refusal of a charge not based upon the materiality and sufficiency of the issue as made in the pleading, rules numbered 34 and 35 of Circuit Court Practice could be effectually nullified, and injustice otherwise be done by having such a judgment rendered without a retrial, and when those rules had not been observed. We cannot sanction the practice of rendering such a judgment except upon the principles so often repeated in our decisions.

We observe that in the case of Helm v. Griffith, 19 Ala. App. 1, 95 So. 548, the Court of Appeals asserted that a defendant was due to have a judgment non obstante veredicto because the evidence showed that he was due the affirmative charge on account of the failure to prove a substantial feature of the complaint, when there was no question as to its sufficiency to state a cause of action. The Alabama case cited in that opinion is not an authority for that view. Some of the other cases do not discuss the question carefully, and some of them refer to their own state practice. Upon a review of that case by this court that feature of the opinion was not treated. This was probably so because it was not in that respect sought by certiorari to be reviewed. Upon the review this court approved the opinion of that court to the effect that there was error in refusing the general charge to defendant. It appears that, after defendant's motion for a judgment non obstante veredicto was overruled, the circuit court rendered judgment for plaintiff, and defendant appealed from that judgment. When the Court of Appeals reversed the case on February 10, 1920, it directed the circuit court to render a judgment non obstante veredicto for defendant. But after the review by this court, which treated the case as though there would be another trial, the Court of Appeals on April 12, 1921, reversed and remanded the case for another trial. This was appropriate on account of the error in refusing the affirmative charge to defendant, but it was done without modifying the opinion in which it was said that defendant was due a judgment non obstante veredicto because of the refusal of the affirmative charge. So that, while it is apparent that the opinion of the Court of Appeals is authority for the contention of the city in this case, its statement on which reliance is here based was not carried into its final judgment, and it is not in accord with the view of such proceeding adopted by this state from the common law.

After the verdict for plaintiff was rendered in this case, and before any entry of judgment, defendant filed a motion in court for "a verdict for defendant non obstante veredicto," for the reason that the court erred in refusing certain written charges at the instance of defendant.

When this motion was finally heard, the court overruled it, but ex mero motu ordered that the verdict be set aside and a new trial granted. Defendant excepted to the order to the extent that it overruled the motion, and has appealed from it and assigns it for error on this appeal, and prays for a mandamus in event an appeal is not the appropriate method of review.

Plaintiff contends that the court was without the power to grant a new trial, and has separately presented to this court an original petition for mandamus directing the vacation of that order and directing the entry of a judgment on the verdict. We will treat both cases in this opinion.

 We think and hold that the only method by which defendant could have the circuit court review its refused charges was by a motion for a new trial, which the court ordered; and that defendant received by the order for a new trial all that it was due if there was error in refusing the charges; and that the refusal to render a judgment non obstante veredicto was not such a judgment as will support an appeal; and that defendant is not entitled to a mandamus to require the entry of such a judgment non obstante veredicto. This is case No. 830—City of Birmingham v. Katherine Andrews, pro ami.

The record shows that the case was tried in the circuit court and a verdict for plaintiff was returned by the jury on January 23, 1929; that immediately, and before a judgment was rendered, defendant moved for a judgment non obstante veredicto, which was continued to February 9, 1929, when it was argued and submitted, and taken under advisement. There was no further order made on the motion during that term, nor during the fall term of 1929. On January 9, 1930, the case was regularly reset for trial and the motion came up again for the first time. Thereupon plaintiff moved for an order of discontinuance of defendant's motion, and for an entry of judgment on the verdict. Upon a hearing the court did not act upon plaintiff's motion, but entered an order overruling defendant's motion for a judgment non obstante veredicto, but of his own motion set aside the verdict and ordered a new trial.

 By an original petition to this court (case numbered 831) plaintiff seeks a mandamus to the circuit court to compel that court to vacate its order granting a new trial and to enter a judgment in its favor on the ver-

dict. The power of the court to grant the new trial is therefore brought into question. This power was possessed by the court unless it had been lost by the failure to keep it alive. For as long as the court has control over the proceeding it has the inherent power and of its own motion to set aside a verdict and grant a new trial. Batson v. State, 216 Ala. 275, 113 So. 300; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Ex parte Pearce, 80 Ala. 195, 199; 15 R. C. L. 688; 46 Corpus Juris, 59.

We have repeatedly held that a motion for a new trial may be submitted within the statutory period of thirty days after judgment or at a time to which it is continued and held for consideration and determination to be made at any time within the pending term, but after the termination of the pending term the court has no power to enter an order upon it, unless during the term an order of continuance was made, and that a general order continuing all cases does not save jurisdiction over such a motion. Ex parte Adams, 216 Ala. 353, 113 So. 513; Greer v. Heyer, 216 Ala. 229, 113 So. 14; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Ex parte Schoel, 205 Ala. 248, 87 So. 801; State ex rel. Tuck v. Snyder, 219 Ala. 352, 122 So. 410.

And section 6670, Code, provides that courts lose all power over judgments after thirty days from their rendition, unless a motion is made within that time and kept alive by proper action of the court. A motion for a judgment non obstante veredicto must be made before judgment is rendered (33 C. J. 1187); whereas a motion for a new trial may be acted upon after verdict either before or after judgment. Woodward Iron Co. v. Brown, supra. It is only after judgment that the court loses its power over the proceeding. For until then, even after verdict, the cause is in fieri, and the court may render a judgment at any time during the same term (McEntire v. Paffe, 12 Ala. App. 507, 67 So. 713), or during a later term unless the cause is discontinued. Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Clanton v. State, 96 Ala. 111, 11 So. 299; Charles v. State, 4 Port. 107.

The discontinuance of a cause as long as it is in fieri can only be predicated upon some positive act of the actor in it, or the omission of some precedent duty enjoined by law. The authorities are collected in our case of Mobile v. Board of Revenue of Mobile County, 219 Ala. 60, 121 So. 49. The failure to enter an order of continuance of a cause thus in fieri does not as a rule create a chasm at the end of the term thereby effecting a discontinuance.

If the foregoing premises are sound, and we believe that they are, and that they are supported by our cases and other authorities, the necessary result is that, in this case, the cause remained in fieri, after verdict and before judgment, and was not discontinued, and, as the court had the right at a subsequent term to render judgment on the verdict, it had the right before judgment was rendered to set aside the verdict and grant a new trial.

The question presented by the mandamus at the instance of plaintiff is the right of the court to set aside the verdict and grant a new trial, and not to review its propriety. We think the court had this right, and, having done so, of course it could not then have rendered a judgment on the verdict.

The result is that in case No. 830 the appeal is dismissed, and the mandamus is denied, and in case No. 831 the mandamus is denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.