151 So. 599

## SINGLETARY v. MILWAUKEE TOOL & FORGE CO.

### 6 Div. 251.

Court of Appeals of Alabama.
Nov. 7, 1933.

Rehearing Denied Nov. 21, 1933.

M. B. Grace and Kelvie Appelbaum, both of Birmingham, for appellant.

H. H. Grooms, J. S. Mead, and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellee.

**BRICKEN**, Presiding Judge.

The appeal in this case is on the record. There is no bill of exceptions.

The minute entry recites that the defendant (appellant) withdrew his demurrers to the complaint as last amended, "and files by written paper additional objections to the allowance of amendment of complaint," which were overruled, "and defendant excepts."

The defendant then filed pleas 1, 2, 3, 4, A, B, C, D, E, F, and G. All of the pleas, except 1 and A, the general issue, were eliminated by demurrer.

Pleas 2, 3, and 4 were then amended over plaintiff's objection and a demurrer to these pleas was overruled.

Pleas A, B, C, D, E, F, and G were then withdrawn, and the plaintiff filed replication 1, and issue being joined, a jury rendered a verdict for the defendant under his plea of set-off and assessed his damages at $1.

The defendant moved for a verdict non obstante veredicto, which was overruled. The defendant moved for a new trial, which was overruled.

This résumé of the record shows that the only questions we can be called on to review are: (1) The action of the court in allowing the amendment to the complaint. (2) The action of the court in sustaining the demurrer to pleas 2, 3, and 4. (3) The action of the court in overruling the motion non obstante veredicto. And (4) the overruling of the motion for a new trial.

■ The amendment to the complaint was properly allowed under section 9513 of the Code 1923. The action of the court in sustaining the demurrer to pleas 2, 3, and 4 was without injury, as the pleas, as amended, were substantially the same as the original pleas, and under the pleas, as amended, the defendant had every right and benefit that he could have had under the original pleas. While there is a reference in the minute entry to a motion for a judgment non obstante veredicto, which the minute entry recites was overruled, the motion itself is not in the record, nor are there any recitals in record showing the propriety of granting such motion. No error in that regard appears. City of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877.

■■ In the absence of evidence on which the case was tried, it is impossible for us to say that the rulings on the motion for a new trial were infected with error. The burden is on the appellant to show error. There is no presumption of error in this court.

The judgment of the court below is affirmed.

Affirmed.