Graham, Bibb, Wingo & Foster, of Birmingham, for petitioner.

35 So.2d 50

EDDINS, Chief of Police, v. POPWELL.

6 Div. 640.

Supreme Court of Alabama.

Dec. 18, 1947.

Rehearing Granted April 22, 1948.

454

Beddow & Jones, G. Ernest Jones, and G. Ernest Jones, Jr., all of Birmingham, opposed.

FOSTER, Justice.

The question presented on this petition for certiorari is whether J. O. Popwell, to whom we will refer as defendant, was properly discharged on habeas corpus in the Circuit Court of Jefferson County. He was convicted in the Recorder's Court of Birmingham for violating the State Firearms Act, Code 1940, Tit. 14, § 161 et seq., and his punishment fixed at a fine of $100 and costs of $3, and sentenced "to serve one hundred and eighty days (suspended) at hard labor for the city of Birmingham." The suspension of sentence was at the request of his attorney. The authority of the attorney to do so is not questioned. Within the period of one hundred and eighty days, supra, the recorder entered the following order, "The judgment of suspending the one hundred and eighty days is modified and the suspension is revoked and the one hundred and eighty day sentence is revised and the judgment of the court is that the defendant serve one hundred and eighty days at hard labor for the city."

The question is whether the recorder was authorized to make the suspension by an order so made within said period of sentence and direct his service of the one hundred and eighty days extending from that date.

The recorder at that time had no legal authority to suspend the sentence. Section 20, Title 42, Code (see Amendment No. 38 of the Constitution). But that authority was conferred by an Act of the Legislature approved July 22, 1947, H.B. 372, Loc.Acts 1947, p. 99— not here material. The Court of Appeals in affirming the judgment of the circuit court in discharging the defendant seemed to rely largely on the case of Daley v. Decatur, 18 Ala.App. 141, 90 So. 69, certiorari denied 206 Ala. 698, 90 So. 925. In that case the sentence was "suspended on his promise not to go to this house again." The court found that this sentence so suspended "was a sentence upon condition." · That such a sentence was invalid, and could not be aided by one subsequently imposed after the expiration of the term of court or to substitute a different kind of punishment for that first imposed. The holding was that the sentence was invalid because based upon an illegal condition, and could not be enforced nor aided by another sentence imposed at a later term of the court. We denied the certiorari, not finding fault with such conclusion. But there the sentence itself was found to be invalid, not merely an invalid suspension of a legal sentence. The basis of the opinion was not so much that the court had no authority to suspend a sentence, but that the sentence itself was based on a condition dependent upon his own voluntary conduct as to whether it should go into effect.

But in the instant case the judgment of sentence is not subject to that construction. The defendant was sentenced to serve one hundred and eighty days at hard labor for the city. That sentence was suspended at

the request of defendant by his attorney. The sentence was therefore perfectly valid. It was only the suspension of it which was invalid. The suspension was wholly outside the jurisdiction of the court, and was void on its face. The legal effect of the order made. later by the recorder's court was simply to expunge that part of the judgment which suspended the sentence. Every court has the inherent power to set aside or expunge an order previously made or any part of it which shows on its face that it is void for any reason. Morgan v. Lehman, Durr & Co., 92 Ala. 440, 9 So. 314; Baker v. Barclift, 76 Ala. 414; Johnson v. Johnson, 182 Ala. 376(6), 62 So. 706; Wiggins v. Steiner, 103 Ala. 655, 16 So. 8; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Hynes v. Underwood, 191 Ala. 90, 67 So. 994; Ex parte Griffin, 243 Ala. 672(6), 11 So.2d 738; Murphree v. International Shoe Co., 246 Ala. 334, (5), 20 So.2d 782, 783.

The instant case is essentially different from what the Court held to be the effect of the sentence in the Daley case, supra.

We have noted that the suspension was set aside, and defendant re-arrested within the one hundred and eighty day period of a valid sentence. It is not therefore controlled by the principle in Corporate Authorities of Scottsboro v. Johnston, 121 Ala. 397, 25 So. 809. In that case the Court was dealing with a situation where defendant was rearrested after the expiration of the period of his sentence. It was held that the act of the court in allowing him to go at large did not prevent the running of the period of his sentence. The reasoning of that case does not apply when the rearrest is made within the period of the sentence insofar as the right existed to rearrest. The Scottsboro case, supra, differs from the holding by other courts even sofar as it went. 16 Corpus Juris 1335; 24 C.J.S., Criminal Law, § 1618; Fuller v. State, 100 Miss. 811, 57 So. 806, 39 L.R.A.,N.S., 242; Bolton v. State, 166 Miss. 290, 146 So. 453. The holding in that case has not been reaffirmed in this State. But it is not necessary now to reconsider it, because the rearrest here was made within the period of the sentence; there it was done afterwards.

In now holding that the rearrest was not invalid when made, the result would be to hold that defendant was not entitled to his discharge on habeas corpus. But that period did not have long to run, and the court ordered in substance that he should serve the whole of it, and therefore it is important to determine that question also. It is carefully briefed by counsel on both sides.

If we abide by the Scottsboro case, supra, we would find that defendant should serve only the remainder of the period extending from the time of his rearrest, unless that question is affected by the circumstance that the illegal suspension was ordered at the request of defendant. In the Scottsboro case that circumstance is not mentioned, and therefore not there considered, presumably it was absent as a factor.

The principle is of course firm that the defendant could not by his consent extend upon the court the power to make an order which it had no jurisdiction to make. Ray v. Hilman, 229 Ala. 424, 157 So. 676; 21 C. J.S., Courts, § 108.

But it is well settled that a defendant cannot claim the benefits of an illegal situation which he has brought about or was instrumental in procuring. "No party whether in a criminal or a civil proceeding, can invite the court into error and subsequently take advantage of the error." Ex parte Winston, 52 Ala. 419; Ray v. Hilman, supra.

There are many illustrations of that principle in the books. Section 9 of the Constitution prohibits a person from being put in jeopardy twice for the same offense. Yet when he has been put in jeopardy and the judgment set aside on his motion or reversed on his appeal, he is not in position to claim exemption from another trial of that same offense. Turner v. State, 40 Ala. 21; Waller v. State, 40 Ala. 325.

And so his release on habeas corpus in this case, at his instance, when it is found that he should not have been released (an error invited by him), does not serve to make the time during such release consume a part of his sentence.

In the case of Hunt v. State, 186 Ind. 644, 117 N.E. 856, 858, a case similar in legal effect to the one now under consideration, it was observed that since the suspension was at his own instance, "while he was

456

at liberty under the order thus obtained, appellant was in the same position that he would have been had he postponed execution of the sentence by escape from custody. · In such a case the sentence is not satisfied until it is actually served."

The Court of Appeals in this case found in a search of the original record in the Daley case, supra, that the suspension was at the request of defendant. But that could have no effect in that case because it was held that there was no legal sentence. His request could not give validity to a *sentence* which was void. Here his request did not give validity to the *suspension* which was invalid and remained so. But the period of his liberty had by a void order of suspension made at his request should not be considered as a part of the term served in his valid sentence. The Court of Appeals in the Daley case properly did not treat the matter of his consent because it was immaterial in respect to the legal matter then determined. Of course on certiorari to this Court it was not considered for the same reason, also because it did not appear in the opinion of the Court of Appeals.

In the case of Persall v. State, 31 Ala. App. 309, 16 So.2d 332, the Court of Appeals made favorable comment on the principle declared in Hunt v. State, supra.

We are therefore of the opinion that the defendant can, sofar as here shown, be required to serve the entire one hundred and eighty day sentence which he has not actually served.

Reversed and remanded to the Court of Appeals.

All the Justices concur.

On Rehearing.

PER CURIAM.

Upon reconsideration of this cause on application for rehearing, we have reached the conclusion that notwithstanding the force of the opinion of Mr. Justice Foster, that the case of Daley v. Decatur, 18 Ala. App. 141, 90 So. 69, here reviewed in 206 Ala. 698, 90 So. 925, where the writ of certiorari was denied, should control the result on this appeal, and that the Court of Appeals correctly ruled in following the Daley case, supra.

We therefore conclude that the order here entered should be one of affirmance of holding of the Court of Appeals. It will be so ordered.

The rehearing is granted: the order of reversal is set aside, and the judgment affirmed.

Rehearing granted: judgment affirmed.

GARDNER, C. J., and LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., concur.

BROWN and FOSTER, JJ., dissent, adhering to the original opinion of Justice FOSTER.